UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,                          :

                                                 ORDER
                                               :

        -v.-                                      20 Mag. 3073

                                               :

HECTOR CARRILLLO-VILLA,

                                       :
         Defendant.
                                       :

------------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court is the Government's motion to (1) extend the deadline to hold a preliminary hearing under Federal Rule of Criminal Procedure 5.1(c), and (2) exclude time from the 30-day deadline for the filing of an indictment or information required by 18 U.S.C. § 3161(b). See Motion for Extension of Time to Indict, filed April 1, 2020 (Docket # 11). The defendant has opposed the application.[1] The Government has filed a reply to defendant's opposition. (Docket # 13). For the reasons discussed below, the Government's motion is granted to the extent stated below.

      The defendant was arrested on a complaint on March 19, 2020, and charged with conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. § 846. An initial appearance was held on March 20, 2020, at which the Court ordered the detention of the defendant on consent and without prejudice to a future bail application. See Docket # 7. Fed. R. Crim. P. 5.1(c) requires — as does the nearly identically-worded governing statute, 18 U.S.C. § 3060 — that where a defendant is in custody a preliminary hearing must be held within 14 days of the initial appearance, which is tomorrow, April 3, 2020, unless the defendant consents to an extension or an indictment is filed. Here, the defendant has not consented to an extension and the Government cannot file an indictment because there is no longer a functioning grand jury in the district. If the deadline passes without a preliminary hearing being held or an indictment issuing, the defendant must be released from custody. 18 U.S.C. § 3060(d). The Court may extend the 14-day deadline without the defendant's consent "only on a showing that extraordinary circumstances exist and justice requires the delay." Fed. R. Crim. P. 5.1(d); accord 18 U.S.C. § 3060(c).

      A separate, though later, deadline is at issue under the Speedy Trial Act. 18 U.S.C. § 3161(b) provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Because the thirtieth day after defendant's arrest is Saturday, April 18, 2020, the deadline for the filing of an information or indictment in this case is April 20, 2020. See Fed. R. Crim. P. 45(a)(1)(c). The statute permits time to be excluded — or "continu[ed]" to use the statutory language — if a judge finds "that the ends of justice served by taking such action outweigh the best interest of the

---

    [1] The defendant has not as of this writing filed his opposition on the docket, though he submitted it to the Government and to the Court. We refer to this document as "Defendant's Opposition."

public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). In such a situation the court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id.

We address each deadline separately.

Preliminary Hearing

As noted, Fed. R. Crim. P. 5.1(d) permits an extension of the preliminary hearing deadline "on a showing that extraordinary circumstances exist and justice requires the delay." An "extension of the time for a preliminary hearing is justified only to permit the prosecution to ready its presentation of probable cause to support the arrest on charges already made in the complaint." United States v. Gurary, 793 F.2d 468, 473 (2d Cir. 1986).

There is little case law applying this standard. One case has found that transportation problems constitute "extraordinary circumstances" under Rule 5.1(d). See United States v. Bagios, 2011 WL 817856, at *5 (S.D. Fla. Mar. 2, 2011) ("country was experiencing one of the worst winters in recorded history," "transportation of every type was significantly disrupted," and "the Marshals Service experienced a grounding of its air fleet as a result of an apparently unknown mechanical problem"). Another case found that the inability to timely complete a competency examination of the defendant satisfied the "extraordinary circumstances" standard. United States v. Awosika, 2008 WL 4279871, at *1 (M.D. Pa. Sept. 15, 2008).

More pertinently, a number of recent cases from the Southern District of California have found that extraordinary circumstances were demonstrated as a result of the COVID-19 epidemic. For example, the court in United States v. Munoz, 2020 WL 1433400 (S.D. Cal. Mar. 24, 2020), extended the preliminary hearing deadline by 30 days, finding that

> "extraordinary circumstances exist and justice requires" that defendant's preliminary hearing be continued beyond the 14-day deadline of Fed. R. Crim P. 5.1(c). As outlined in the Order of the Chief Judge, current health restrictions have "greatly jeopardized" the ability of counsel, witnesses, parties, and Court staff to be present in the courtroom. As a result, the Court has suspended "all proceedings under Federal Rule of Criminal Procedure 5.1" until April 16, 2020. For these reasons, the deadline for holding a preliminary hearing in this case will be extended to April 24, 2020, absent further order from this Court.

Id. at *1.

The same circumstances exist in the district. As stated in a Standing Order issued by the Chief Judge of this Court, "the President of the United States has declared a national emergency and the Governor of New York has banned mass gatherings in the state, encouraged persons in the state to remain home, and ordered the closure of non-essential businesses in response to the spread of COVID-19." In re Coronavirus/COVID-19 Pandemic, No. 20 Misc. 172 (S.D.N.Y. Mar. 27, 2020). Jury trials have been suspended in this Court until June 1, 2020. Id. Another

2

Standing Order from the Chief Judge finds that "[t]he current public health crisis has caused, is causing, and is expected to continue to cause extraordinary disruption throughout this District, including, but not limited to the temporary closure of offices; the imposition of travel restrictions and discouragement of the use of mass transportation; the dislocation of many residents; and disruptions and delays in the use of the mails." In re Coronavirus/COVID-19 Pandemic, No. 20 Misc. 176 (S.D.N.Y. Mar. 30, 2020). Additionally, the Government's application enumerates a number of specific impediments to the holding of a preliminary hearing in this case. Multiple law enforcement officials involved in this action, including at least one official who resides outside of the tristate area, would be required to travel to testify in this district. Docket # 11 at 5. Relevant evidence, such as Spanish-language recordings of telephone calls, could potentially be unavailable due to difficulty obtaining Spanish translations at this time. Id. The Government has also pointed to certain sensitive information showing that there are other significant impediments to conducting a preliminary examination tomorrow or in the near future. Id.

In opposing the Government's motion, defense counsel cites to several recent cases that address the effect that the ongoing COVID-19 pandemic has had on detainees and prisoners. See Defendant's Opposition at 2. Allegations of unfavorable prison conditions may be relevant to a defendant's application for bail, but the motion before this Court is an application by the Government to extend specific deadlines. While the defendant points to the additional burden that is placed on him by being incarcerated during the current epidemic for any extension period that is granted, we do not find that these conditions bear on the "extraordinary" circumstances analysis under Rule 5.1(d) or the Speedy Trial Act determination under 18 U.S.C. § 3161(h)(7)(B). The defendant's arguments regarding his detention should be resolved by means of a bail application. In fact, the defendant has made a bail application and the Court is informed that it is scheduled to be heard on Monday before the Magistrate Judge on duty that day.

Accordingly, for the above reasons, we find that "extraordinary circumstances exist and justice requires the delay" in the deadline for holding a preliminary hearing for a period of 30 days, or until May 4, 2020.[2]

Speedy Trial Act

In determining whether to grant a continuance under the Speedy Trial Act, a judge must consider a number of factors including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," 18 U.S.C. § 3161(h)(7)(B)(i); whether "it is unreasonable to expect adequate preparation for pretrial proceedings," id. § 3161(h)(7)(B)(ii); and whether "delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within" 30 days, id. § 3161(h)(7)(B)(iii).

---

[2]  While the Government seeks a 46-day extension, the Court believes that given the lack of clarity regarding the duration of the impediments to presenting evidence at the preliminary hearing, only a 30-day extension should be granted at this time. This ruling is without prejudice to any future application that may justify an additional extension.

The Speedy Trial Act's "ends of justice" standard is easily applied here because it is far less demanding than the "extraordinary circumstances" standard in Fed. R. Crim. P. 5.1(d), which we have already found to exist.  See Gurary, 793 F.2d at 473 (referring to the "extraordinary circumstances" standard as requiring the satisfaction of "far more rigorous criteria" than the "ends of justice" standard of the Speedy Trial Act).  Many types of emergencies, including natural disasters and terrorist attacks, have been found to justify Speedy Trial Act continuances.  See Furlow v. United States, 644 F.2d 764, 768 (9th Cir. 1981) (eruption of Mount St. Helens); United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (9/11 terrorist attacks).  The current emergency has resulted in an equal if not greater level of disruption.  This disruption is demonstrated by the fact that on March 31, 2020, the only remaining active grand jury in the Southern District of New York failed to secure the quorum necessary to vote on indictments.  See Docket # 11 at 7.

In light of the fact that there is no realistic scenario under which a grand jury can be convened in the near future, we find that the ends of justice served by excluding a 30-day period from the speedy trial calculation outweigh the best interest of the public and the defendant in a speedy trial.  Accordingly, the time to file an indictment or information under 18 U.S.C. § 3161(b) is extended by 30 days.   The defendant was arrested on March 18, 2020, and thus the 60-day deadline expires May 18, 2020.

In sum, the Government's motion is granted to the extent stated above.[3]  The time within which a preliminary hearing may be conducted is extended to May 4, 2020, and the time within

---

[3]  We note that our decision accords with the numerous Standing Orders issued by District Courts across the country in response to the ongoing COVID-19 pandemic that: 1) suspend 18 U.S.C. § 3161(b)'s requirement that an indictment be issued within 30 days of an arrest, 2) suspend Rule 5.1(c)'s requirement that a preliminary hearing occur within 14 days of the initial appearance of an incarcerated defendant, or (3) both.  See, e.g., In re Continuances Due to Novel Coronavirus & Covid-19 Disease Extended Through May 1, 2020., No. 2020-06, 2020 WL 1441936, at *1 (D. Neb. Mar. 24, 2020) ("Due to the unavailability of a grand jury in this District, the 30-day time period for filing an indictment or information is tolled . . . pursuant to 18 U.S.C. § 3161(b)"); In re Coronavirus/COVID-19 Pandemic, No. 2020-11 (E.D.N.Y. Mar. 18, 2020) ("[I]n all criminal matters in which a magistrate judge must conduct a preliminary hearing on or between March 18, 2020 and April 27, 2020 pursuant to Federal Rule of Criminal Procedure 5.1(a), the time within which the magistrate judge must hold the preliminary hearing is extended to 60 days after the initial appearance."); In re Court Operations under the Exigent Circumstances Created by COVID-19 and Related Coronavirus, General Order 02-20 (W.D. Wash. March 17, 2020) ("With regard to criminal matters, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of witnesses, counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).  For the same reasons, the Court finds under 18 U.S.C. § 3060(c) extraordinary circumstances exist, and justice requires delay of all criminal preliminary hearings during the time period of the continuances implemented by this order.").

which to obtain an indictment or information charging the defendant is extended to May 18, 2020.  See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

       SO ORDERED.

Dated:  April 2, 2020
        New York, New York

 

                                             _____
                                       GABRIEL W. GORENSTEIN
                                     United States Magistrate Judge